NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3724
_____

LOUIS SPRINKLE,
Appellant

v.

AMZ MANUFACTURING CORPORATION; EPY INDUSTRIES, INC.;
BOXWOOD MANUFACTURING CORPORATION; ST. PAUL STREET
ASSOCIATES, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-00902)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2014

Before: FISHER and SCIRICA, Circuit Judges, and MARIANI,[*] District Judge.

(Filed: May 29, 2014 )

_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Robert D. Mariani, District Judge for the United States District Court for
the Middle District of Pennsylvania, sitting by designation.

MARIANI, <u>District Judge</u>.

Louis Sprinkle appeals an order of the United States District Court for the Middle District of Pennsylvania molding a jury verdict to reduce the damages award by the percentage of negligence attributed to Sprinkle. Sprinkle also contends that the District Court erred by using its own verdict form. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. On January 28, 2011, Sprinkle, a truck driver, slipped and fell on Appellees' premises while making a delivery. Sprinkle was injured after falling several times while attempting to dislodge his truck from a layer of ice in Appellees' parking lot. Thereafter, Sprinkle filed a diversity action for negligence against Appellees in federal court.

After a two-day trial, the District Court instructed the jury on negligence and contributory negligence. It further instructed the jury to return the verdict "in a single lump sum" if they found in favor of Sprinkle. J.A. 65. The District Court rejected both parties' proffered verdict slips, electing to use his own standard form. The form left only three blank spaces for the jury to fill: one space for "the total amount of [Sprinkle's] damages," and two spaces for the respective percentage of negligence attributable to each party. J.A. 23-24. The verdict form did not prompt the jury to calculate any reduction in damages for Sprinkle's responsibility, nor did the District Court instruct the jury to do so.

After deliberating, the jury awarded Sprinkle a lump sum of $24,657.49 in total damages and found Sprinkle 40 percent negligent. The District Court did not initially

2

reduce the damages and entered a verdict for Sprinkle in the full amount of $24,657.49. On August 13, 2013, the District Court granted Appellees' Motion to Mold the Verdict and entered an amended verdict in the amount of $14,794.49 to reflect a 40 percent reduction for Sprinkle's contributory negligence. Sprinkle filed a timely notice of appeal.[1]

## II.

On appeal, Sprinkle contends that the District Court erred (1) by using its own confusing and ambiguous verdict slip, and (2) by molding the jury's verdict when the jury's intent was unclear. We address each argument in turn.

## A.

The form of a jury instruction or verdict slip is governed by federal law rather than state law. See, e.g., Beul v. ASSE Int'l, Inc., 233 F.3d 441, 449 (7th Cir. 2000). Rule 49 of the Federal Rules of Civil Procedure grants district courts wide discretion to craft special verdict forms and interrogatories using "any method that the court considers appropriate." See also 9B Wright & Miller, Federal Practice and Procedure § 2506 (3d ed. 2014). Trial courts "must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue." Fed. R. Civ. P. 49(a).

Sprinkle argues that the District Court's verdict form was "confusing and misleading" because it did not itemize damages for "pain and suffering, or wage loss and medical lien." Appellant's Br. 10. We disagree. The District Court fully instructed the

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C § 1291.

jury on the separate types of damages available, including "medical expenses, wage loss, and noneconomic damages." J.A. 65-69. The District Court also instructed that the jury should return a lump-sum award that "will fairly and adequately compensate the plaintiff for <u>all</u> physical and financial injury he has suffered." J.A. 65 (emphasis added). Moreover, the verdict form unambiguously prompted the jury to enter the "<u>total</u> amount of Plaintiff Louis Sprinkle's damages." J.A. 24 (emphasis added). The instructions and verdict form adequately presented to the jury the question of all damages, including economic and noneconomic damages. Accordingly, we conclude that the District Court did not abuse its discretion by using its own verdict form.

B.

Sprinkle next contends that the District Court erred by molding the jury's verdict to reduce the damage award by 40 percent, arguing that it is unclear whether the jury had already accounted for the reduction. We review motions to alter or amend a judgment for abuse of discretion. <u>Addie v. Kjaer</u>, 737 F.3d 854, 867 (3d Cir. 2013). When a district court amends a verdict, we determine "whether the verdict clearly manifests the intention and finding of the jury upon the issue submitted to them." <u>Smyth Sales v. Petroleum Heat & Power Co.</u>, 141 F.2d 41, 44 (3d Cir. 1944).

Here, the District Court did not err in molding the verdict to conform to the jury's intent. The District Court gave the following instructions regarding damages:

> The amount you award today must compensate the plaintiff completely for damages sustained in the past, as well as the damages the plaintiff will sustain in the future. . . . In the event that you find in favor of the plaintiff, you will <u>add [all] sums together and return your verdict in a single lump sum</u>.

4

J.A. 65 (emphasis added). The verdict form also unequivocally asked for a "total amount" of damages. J.A. 24. Sprinkle cites to nothing in the record indicating that the District Court ever prompted or instructed the jury to reduce the award to account for Sprinkle's contributory negligence. Nothing indicates that the jury disregarded the District Court's clear instructions and verdict form. We conclude that the verdict "clearly manifest[ed]" the jury's intent to return a total damages amount of $24,567.49, which did not include a reduction for Sprinkle's negligence. Smyth Sales, 141 F.2d at 44. Accordingly, the District Court did not abuse its discretion in molding the verdict to reflect a 40 percent reduction.

III.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.